**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CHRISTOPHER SHARP,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No. 11-cv-2888 BEL** |
| **BALTIMORE CITY POLICE** | * | |
| **DEPARTMENT,  et al.,** | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**BALTIMORE POLICE DEPARTMENT AND**
**FREDERICK H. BEALEFELD'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, the Baltimore Police Department and its Police Commissioner Frederick H. Bealefeld, III ("Defendants"), by and through their undersigned counsel and pursuant to Rule 8 of the F. R. Civ. Pro. ("Rule 8"), hereby file an answer to the Plaintiffs' Complaint and states the following:

**NEGATIVE AND AFFIRMATIVE DEFENSES**

1.      The Complaint fails to state a claim upon which relief can be granted against the Defendants.

2.      Plaintiff was never placed under arrest, within the meaning of the Fourth Amendment of the U.S. Constitution and Maryland law by officers from the Baltimore Police Department.

3.      Any searches and/or detentions alleged by the Plaintiffs were lawful, and any seizures were lawful and pursuant to Plaintiff's consent.  Therefore, Plaintiff is estopped from asserting many of the claims in the Complaint by his own conduct;

4.      Defendants are entitled to all common law, statutory, and governmental immunities as permitted by law;

5.      The Complaint may be barred by the doctrine of assumption of the risk.

6.      The Baltimore Police Department does not have a custom, policy, or practice which instructs or advises its police officers to prohibit the video recording of police activity conducted in the public domain.

7.      The Complaint may be barred by contributory negligence.

8.      Defendants reserve the right to assert that Plaintiff has failed to mitigate his damages, if any, should the facts reveal this to be the case upon completion of discovery.

9.      Plaintiff's injuries and damages, if any, arose as a result of his own actions.

10.     Plaintiff failed to obey a lawful order to leave the racetrack property prior to the alleged incident.

11.     Plaintiff fails to identify an actual member of the Baltimore Police Department as being responsible for the alleged violation of the Plaintiff's constitutional rights.

12.     The Complaint may be barred by the statute of limitations.

13.     Plaintiff lacks standing to sustain a cause of action against the Defendants.

14.     Plaintiff lacks standing to demand, through injunctive relief, the right to write policy for the Baltimore Police Department.

15.     The injunctive relief sought by Plaintiff is moot, as the Baltimore Police Department has, on its own initiative, promulgated policy and conducted training on the topic of video recording police activity over eight months ago and continues to train on the subject matter.

16.     Plaintiff has waived many of the claims contained in the Complaint by his own conduct during the events that are the subject matter of the Complaint.

17.     Defendants reserve the right to assert any other affirmative defense that may arise during the course of this litigation.

## **COMPLAINT**

18.     Paragraph 1 states legal conclusions to which no response is required.  To the extent that paragraph 1 of the Complaint alleges that the Defendants arrested and/or detained Plaintiff, or that these Defendants seized and/or destroyed property belonging to Plaintiff, those allegations are denied.

19.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 2.  Therefore, pursuant to Rule 8 the averments are denied;

20.     Paragraph 3 states legal conclusions to which no response is required, except that to the extent this paragraph alleges an unconstitutional policy or practice of the Defendants, it is denied.

21.     Paragraphs 4, 5, and 6 contain legal conclusions to which no responses are required.  Otherwise, Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraphs 4, 5, and 6. Therefore, pursuant to Rule 8 the averments are denied;

22.     Defendants admit the averments of paragraph 7 to the extent that the Baltimore Police Department is a government agency and considered a "person" as that term is defined in 42 U.S.C. §1983.  Defendants deny the remaining allegations of this paragraph;

23.     Paragraph 8 contains legal conclusions to which no response is required. Otherwise, Defendants admit the factual averments of paragraph 8;

24.     Paragraph 9 contains legal conclusions to which no response is required. Otherwise, Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraph 9 and pursuant to Rule 8 the averments are denied;

25.     Defendants admit the averments of paragraph 10;

26.     Defendants admit the averments of paragraph 11;

27.     Paragraph 12 contains legal conclusions to which no response is required. Otherwise, Defendants admit the factual averments of paragraph 12 and its subsections (a) and (b) to the extent that it pertains to the personal jurisdiction of the Court, but lack sufficient knowledge or information to form a belief about the truth or veracity of the averments pertaining to tortuous acts and omissions referenced in the paragraph and pursuant to Rule 8 the averments pertaining to tortuous acts and omissions are denied;

28.     Defendants deny the averment of venue in paragraph 13, to the extent that it pertains to a cause of action arising out of the conduct of the Baltimore Police Department or Commissioner Frederick Bealefeld.

29.     Defendants admit the averments of paragraph 14;

30.     Defendants admit the averments of paragraph 15 and its subsections (a) and (b) to the extent that it pertains to notice being provided to the Baltimore City Solicitor, but Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments pertaining to notice given to the Maryland State Treasurer and pursuant to Rule 8 the averments pertaining to notice given to the Maryland State Treasurer are denied;

31.     Paragraphs 16, 17, and 18 do not make allegations against Defendants and therefore pursuant to Rule 8, no admissions or denials are required.

32.     Paragraphs 19 and its subsections (a) and (b), and paragraph 20 state legal conclusions to which no responses are required.

33.     Defendants deny the averments of paragraphs 21 and 22.

34.     Defendants deny the existence of any policy, practice, or custom that advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.  Otherwise, Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 23 and its subsections (a) through (f), and pursuant to Rule 8 the averments are denied;

35.     Paragraph 24 does not make allegations against Defendants and no admission or denial is required.

36.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraphs 25, 26, 27, 28, 29, and 30, and pursuant to Rule 8, the averments are denied;

37.     Defendants admit the averments of paragraph 31, to the extent that it pertains to Pimilco's fixed camera capturing: (1) Plaintiff arguing with a patron of the race track, and (2) Ms. Chyzhova striking the same patron, and (3) Ms. Chyzhova later striking a Baltimore Police Officer and otherwise resisting arrest.  Defendants admit that a video of a portion of the arrest of Ms. Chyzhova was posted on YouTube, but otherwise lack sufficient knowledge or information to form a belief about the truth or veracity of the averments pertaining to the Plaintiff recording video and audio of Ms. Chyzhova's arrest and pursuant to Rule 8, these averments are denied.

38.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraph 32, except to the extent that court records show that Mr. Dudek was found no-guilty of the charges filed against him relative to his arrest on May 15, 2010.  Pursuant to Rule 8 the other averments in this paragraph are denied.

39.     Defendants admit the averments of paragraph 33, only to the extent that it alleges that several people were present during the incident.  Otherwise, Defendants deny knowledge or information sufficient to form a belief as to what each person present witnessed, including without limitation, whether anyone witnessed Plaintiff recording the incident and pursuant to Rule 8, these allegations are denied.

40.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, and 45, to the extent that they allege that the Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings;

41.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraphs 46, 47 and 48, and pursuant to Rule 8 these averments are denied.

42.     Defendants admit the averments of paragraph 49.

43.     Defendants deny the averments of paragraph 50.

44.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraph 51 and pursuant to Rule 8, these averments are denied;

45.     Paragraphs 52, 53, 54, 55, and 56 state legal conclusions to which no responses are required.

46.     In response to paragraph 57 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1 to 56.

47.     Paragraphs 58 and 59 state legal conclusions to which no responses are required.

48.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 60, and pursuant to Rule 8 the averments pertaining to a policy, practice, or custom of the Defendants is denied.  Otherwise, Defendants deny the allegations in paragraph 60, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

49.     Paragraphs 61 and 62 contain legal conclusions to which no response is required.  Otherwise, Defendants deny the factual averments of paragraphs 61 and 62.

50.     Paragraph 63 contain legal conclusions to which no response is required.  Otherwise, Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 63 and pursuant to Rule 8, these averments are denied;

51.     Paragraph 64 contain legal conclusions to which no response is required.  Otherwise, Defendants deny the averments of paragraph 64.

52.     Paragraph 65 contain legal conclusions to which no response is required.  Otherwise, Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the averments contained in paragraph 65 and pursuant to Rule 8 these, averments are denied;

53.     Defendants deny the averments of paragraph 66.

54.     In response to paragraph 67 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 66.

55.     Paragraphs 68 and 69 state legal conclusions to which no responses are required.

56.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 70, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraph 70, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

57.     Paragraphs 71, 72, and 73state legal conclusions to which no responses are required.  Otherwise, Defendants deny the averments of paragraphs 71, 72, and 73.

58.     In response to paragraph 74 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1 to 73.

59.     Paragraphs 75 and 76 state legal conclusions to which no responses are required.

60.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 77, 78, and 79, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraphs 77, 78, and 79, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

61.     Paragraphs 80 and 81 contain legal conclusions to which no response is required.  Otherwise, Defendants deny the factual averments of paragraphs 80 and 81.

62.     Paragraph 82 contains legal conclusions to which no response is required.  Otherwise, Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 82, and pursuant to Rule 8, these are denied;

63.     In response to paragraph 83 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 82.

64.     Paragraphs 84 and 85 state legal conclusions to which no responses are required.

65.     Paragraph 86 contains legal conclusions to which no response is required.  Otherwise, Defendants deny the factual averments of paragraph 86.

66.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 87 and 88 and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraphs 87 and 88 to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

67.     Paragraphs 89 and 90 contains legal conclusions to which no response is required.  Otherwise, Defendants deny the factual averments of paragraphs 89 and 90.

68.     In response to paragraph 91 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 90.

69.     Paragraphs 92 and 93 state legal conclusions to which no responses are required.

70.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 94 and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraph 94 to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

71.     Paragraphs 95 and 96 contain legal conclusions to which no responses are required.  Otherwise, Defendants deny the factual averments of paragraphs 95 and 96.

72.     In response to paragraph 97 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 96.

73.     Paragraphs 98, 99, and 100 state legal conclusions to which no responses are required.

74.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 101, 102, and 103, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraphs 101, 102, and 103, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

75.     Paragraph 104 states a legal conclusion to which no response is required. Otherwise, Defendants deny the averments of paragraph 104.

76.     In response to paragraph 105 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 104.

77.     Paragraph 106 states a legal conclusion to which no response is required.

78.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 107, 108, 109 and 110, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraphs 107, 108, 109 and 110, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

79.     Paragraph 111 states a legal conclusion to which no response is required. Otherwise, Defendants deny the averments of paragraph 111.

80.     In response to paragraph 112 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 111.

81.     Paragraph 113 states a legal conclusion to which no response is required.

82.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 114 and 115, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraphs 114and 115, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

83.     Paragraph 116 states a legal conclusion to which no response is required. Paragraph 116 does not make allegations against the Baltimore Police Department and Commissioner Bealefeld and no admission or denial is required.

84.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraphs 117 and 118, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraphs 117and 118, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

85.     Paragraph 119 states a legal conclusion to which no response is required. Otherwise, Defendants deny the averments of paragraph 119.

86.     In response to paragraph 120 of the Complaint, Defendants incorporate their prior responses to the averments contained in paragraphs 1to 119.

87.     Paragraphs 121 and 122 state a legal conclusion to which no responses are required.  Furthermore, paragraph 122 does not make allegations against the Baltimore Police Department and Commissioner Bealefeld and no admission or denial is required.

88.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 123, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraph 123, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

89.     Paragraph 124 does not make allegations against the Baltimore Police Department and Commissioner Bealefeld and no admission or denial is required.

90.     Defendants lack sufficient knowledge or information to form a belief about the truth or veracity of the factual averments contained in paragraph 125, and pursuant to Rule 8, these allegations are denied.  Otherwise, Defendants deny the allegations in paragraph 125, to the extent that it alleges that Defendants have a policy, practice, or custom which advises police officers to detain subjects, seize devices used for recording, improperly search phones, and delete any recordings.

91.     Paragraph 126 states a legal conclusion to which no response is required. Otherwise, Defendants deny the averments of paragraph 126.

WHEREFORE, having fully answered Plaintiff's Complaint and having asserted affirmative and negative defenses, Defendants Baltimore Police Department and its Police Commissioner Frederick H. Bealefeld, III, respectfully requests that Plaintiff's

Complaint be dismissed in its entirety with prejudice; that Defendants be awarded their costs and attorney fees incurred in defending this action; and any such further relief as this Honorable Court deems just and appropriate.

Respectfully,

_____/s/_____

MARK GRIMES (#26644)
Chief Solicitor
Baltimore City Law Department
100 N. Holliday Street, City Hall
Baltimore, MD 21202
Tel: (410) 396-3268
Fax: (410) 547-7203
mark.grimes@baltimorepolice.org

*Attorney for Defendants Baltimore City Police Department and Frederick H. Bealefeld, III*

\*\*\*\*\*